Exhibit 1

SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| Kerry Leach<br><br>VS<br><br>NCO FINANCIAL SYSTEMS, INC. | NO. 15-2-12793-4 SEA<br><br>CASE INFORMATION COVER SHEET AND AREA DESIGNATION |

## CAUSE OF ACTION

(MSC) -   OTHER COMPLAINT/PETITION (MSC 2)

## AREA DESIGNATION

**SEATTLE -**   Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| KERRY LEACH,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>NCO FINANCIAL SYSTEMS INC.,<br><br>　　　　Defendant. | NO.<br><br>SUMMONS |

**TO THE DEFENDANT: NCO Financial Systems, Inc.:**

　　A lawsuit has been started against you in the above-entitled court by the Plaintiff. This claim is stated in the written Complaint, a copy of which is served upon you with this Summons.

　　In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within twenty (20) days (in state) or sixty (60) days (out of state) after the service of this Summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where a plaintiff is entitled to what has been asked for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to a notice before a default judgment may be entered.

Summons - 1

ANDERSON LAW OF
KING COUNTY, PLLC
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/ F (206) 395-2719

1  If you wish to seek the advice of an attorney on this matter, you should do so promptly so that
2  your written response, if any, may be served on time.
3      **THIS SUMMONS** is issued pursuant to Rule 4 of the Superior Court Civil Rules of the
4  State of Washington.

5      Respectfully submitted this 5th day of May, 2015.

    **ANDERSON LAW OF KING COUNTY, PLLC**

By: _____
Jason D. Anderson, WSBA No. 38014
T. Tyler Santiago, WSBA No. 46004
Attorneys for Kerry Leach
787 Maynard Ave. S.
Seattle, WA 98104
(206) 395-2665
(206) 395-2719 (fax)

Summons - 2

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| KERRY LEACH,<br><br>Plaintiff,<br><br>vs.<br><br>NCO FINANCIAL SYSTEMS INC.,<br><br>Defendant. | NO.<br><br>COMPLAINT FOR VIOLATIONS OF 15 U.S.C. § 1692 ET SEQ. AND RCW CHAPTERS 19.16 AND 19.86 ET SEQ. |

COMES NOW Plaintiff Kerry Leach, by and through counsel, who alleges:

## I. PARTIES AND JURISDICTION

1. Plaintiff Kerry Leach is an individual who resides in King County, Washington State.

2. Defendant NCO Financial Systems, Inc. ("NCO"), a Washington Corporation, is a debt collector and collection agency doing business in Washington, and who repeatedly attempted to collect an alleged debt from Plaintiff. NCO's registered agent is CT Corporation System, 505 Union Ave. SE Suite 120, Olympia, WA 98501.

3. Jurisdiction over Defendant is proper as Defendant is doing business in Washington State and all relevant actions occurred in King County, Washington.

Complaint - 1

ANDERSON LAW OF
KING COUNTY, PLLC
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

## II. FACTS

4. Plaintiff allegedly entered into a credit card agreement with a creditor named Synovus.

5. The credit card and all transactions surrounding the card were allegedly managed by a company called Systems and Services Technologies, Inc. ("SST").

6. On or about August 18, 2014, SST created a billing statement and mailed it to Plaintiff. *See* Letter from SST attached as Exhibit A.

7. The letter asked for a minimum payment of $750, and indicated a balance of $3855.30. *Id.*

8. Per the billing statement, the payment due date was September 15, 2014. *Id.*

9. On or about August 21, 2014, NCO sent a collection letter to Plaintiff (hereafter "Collection Letter"). *See* Collection Letter attached as Exhibit B.

10. On information and belief, the Collection Letter was the first communication from NCO.

11. The Collection letter asked Plaintiff to make a payment of $2313.18 within 20 days of the date of the letter in order to settle the account.

12. The Collection Letter from NCO did not contain numerous pieces of information as required by both Federal and State law.

## III. CAUSES OF ACTION

**GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS**

13. With respect to the alleged debt, Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3) and Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

Complaint - 2

ANDERSON LAW OF
KING COUNTY, PLLC
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

14. With respect to the alleged debt, Plaintiff is a "debtor" as defined by RCW 19.16.100(11) and Defendant is a collection agency as defined by RCW 19.16.100(2).

**Count I**

15. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing…a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. 15 U.S.C. § 1692g(a)(3).

16. In the Collection Letter, Defendant failed to provide the required statement.

17. Plaintiff did not receive any written notice with the required statement within five days of the initial communication, the Collection Letter.

18. Therefore, Defendant violated 1692g(a)(3).

**Count II**

19. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing…a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector. 15 U.S.C. § 1692g(a)(4).

20. In the Collection Letter, Defendant failed to provide the required statement.

Complaint - 3

ANDERSON LAW OF
KING COUNTY, PLLC
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

21. Plaintiff did not receive any written notice with the required statement within five days of the initial communication, the Collection Letter.

22. Therefore, Defendant violated 1692g(a)(4).

### Count III

23. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing…a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.  15 U.S.C. § 1692g(a)(5).

24. In the Collection Letter, Defendant failed to provide the required statement.

25. Plaintiff did not receive any written notice with the required statement within five days of the initial communication, the Collection Letter.

26. Therefore, Defendant violated 1692g(a)(5).

### Counts IV through V

27. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

28. Plaintiff received two letters from two different entities attempting to collect on the alleged debt.

29. On information and belief, those letters were sent nearly simultaneously – the letters are dated within three days of each other.

30. Because two entities were simultaneously attempting to collect on a debt, Defendant used misleading and deceptive means to collect on a debt.

Complaint - 4

ANDERSON LAW OF
KING COUNTY, PLLC
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/ F (206) 395-2719

31. In the two letters, the entities demanded different amounts:

   a. The letter from SST asked for a minimum payment of $750. Presumably that would keep the credit account current and the creditor-debtor relationship would continue between Plaintiff and Synovus.

   b. The Letter from NCO asked Plaintiff to "settle" the debt for $2313.18. Presumably, this would close the account and terminate Plaintiff's relationship with Synovus.

32. Two entities taking separate and distinct positions on the same debt at the same time was misleading and deceptive.

33. Therefore, Defendant violated 15 U.S.C. § 1692e and/or its subsections on at least two (2) occasions.

**Counts VI through VII**

34. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f. The collection of any amount not expressly authorized by the agreement creating the debt is a violation of 15 U.S.C. § 1692f(1).

35. Plaintiff realleges paragraphs 28 through 31, *supra*.

36. Defendant was attempting to collect on an alleged debt simultaneously with another entity. Additionally, such collection efforts provided conflicting information. Defendant's actions were unfair and/or unconscionable.

37. Therefore, Defendant violated 15 U.S.C. § 1692f on at least two (2) occasions.

**Count VIII**

38. No licensee or employee of a licensee shall give or send to any debtor or cause to be given or sent to any debtor, any notice, letter, message, or form, other than through proper

ANDERSON LAW OF KING COUNTY, PLLC
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/ F (206) 395-2719

1 legal action, process, or proceedings, which represents or implies that a claim exists unless it shall indicate in clear and legible type, if the notice, letter, message, or form is the first notice to the debtor, an itemization of the claim asserted must be made including the date of the last payment to the creditor on the subject debt by the debtor. RCW 19.16.250(8)(e)(ii).

39. On information and belief, the Collection Letter sent by Defendant NCO was the first notice to Plaintiff, the alleged debtor.

40. The Collection Letter does not state the date of last payment.

41. Defendant therefore violated RCW 19.16.250(8)(e)(ii).

### Count IX through XI

42. No licensee or employee of a licensee shall give or send to any debtor or cause to be given or sent to any debtor, any notice, letter, message, or form, other than through proper legal action, process, or proceedings, which represents or implies that a claim exists unless it shall indicate in clear and legible type, if the notice, letter, message, or form is the first notice to the debtor, an itemization of the claim asserted must be made including interest or service charge, collection costs, or late payment charges, if any, added to the original obligation by the original creditor, customer or assignor before it was received by the licensee for collection, if such information is known by the licensee or employee. RCW 19.16.250(8)(c)(ii).

43. The Collection Letter from NCO did not contain the amount of interest, service charges, or late payment charges added to the original obligation by the original creditor before it was received by NCO for collection.

44. Defendant therefore violated 19.16.250(8)(c)(ii) on at least three (3) occasions.

Complaint - 6

ANDERSON LAW OF
KING COUNTY, PLLC
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

### Counts XII through XV

45. Violations of RCW 19.16.250 are per se violations of the Consumer Protection Act, RCW chapter 19.86. *See* RCW 19.16.440. RCW 19.86.090 provides for treble damages (to a limit of $25,000) and attorney's fees.

46. Plaintiff therefore realleges Counts VIII through XI as separate Consumer Protection Act Violations.

### IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1. For Judgment against Defendant for actual damages.
2. For statutory damages of $1,000.00, for FDCPA violations.
3. For statutory damages of $2,000.00 per violation, for Washington Collection Agency Act and Consumer Protection Act violations.
4. For treble damages, pursuant to RCW 19.86.090, calculated from the damages determined by the court.
5. For costs and reasonable attorney's fees as determined by the Court pursuant to 15 U.S.C. 1692k(a)(3).

Respectfully submitted this 5th day of May, 2015.

ANDERSON LAW OF KING COUNTY, PLLC

By: _____
T. Tyler Santiago, WSBA No. 46004
Jason D. Anderson, WSBA No. 38014
Attorneys for Kerry Leach
787 Maynard Ave. S.
Seattle, WA 98104
(206) 395-2665
(206) 395-2719 (fax)

Complaint - 7

ANDERSON LAW OF
KING COUNTY, PLLC
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

HENRY, DEGRAAFF & MCCORMICK, PS

By: /s/ Christina L Henry
Christina L Henry, WSBA No. 31273
Attorney for Kerry Leach
1833 N 105th St, Ste 203
Seattle, WA 98133
(206) 330-0595
+1-(206) 400-7609 (fax)
chenry@hdm-legal.com

Complaint - 8

# EXHIBIT A

```
4036249998180833    000750002    003855304
```

PO BOX 3997
ST. JOSEPH MO 64503-1600

SST CARD SERVICES
PO BOX 23060
COLUMBUS GA 31902-3060

| ACCOUNT NUMBER | 4036-2499-9818-0833 |
|---|---|
| MINIMUM PAYMENT DUE | $750.00 |
| PAYMENT DUE DATE | September 15, 2014 |
| NEW BALANCE | $3,855.30 |
| AMOUNT OVERLIMIT | $855.30 |
| PAST DUE AMOUNT | $615.00 |

KERRY LEACH            **N0002746
PO BOX 50172
BELLEVUE WA 98015-0172

AMOUNT ENCLOSED

$ _____

[ ] Check for address change.
Complete form on the back.

---

DETACH HERE: Please make checks payable to SST Card Services.

### Summary of Account Activity

| | |
|---|---|
| Previous Balance | $3,733.71 |
| Payments − | $0.00 |
| Other Credits − | $0.00 |
| Purchases + | $0.00 |
| Balance Transfers/Checks + | $0.00 |
| Cash Advances + | $0.00 |
| Past Due Amount | $615.00 |
| Fees Charged + | $35.00 |
| Interest Charged + | $86.59 |
| New Balance | $3,855.30 |
| Credit Limit | $0.00 |
| Credit Available | $0.00 |
| Available Cash Line | $0.00 |
| Statement closing date | 08/18/2014 |
| Number days in billing cycle | 31 |

### Payment Information

| | |
|---|---|
| New Balance | $3,855.30 |
| Minimum Payment Due | $750.00 |
| Payment Due Date | September 15, 2014 |

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay up to a $35.00 late fee.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay | You will pay off the balance shown on this statement in about | And you will end up paying an estimated total of |
|---|---|---|
| Only the minimum payment | 17 years | $9,010 |

If you would like information about credit counseling services, call 1-877-339-3460.

### Important Information

Toll Free Customer Service in the US    1-866-620-9867
Customer Service outside the US    1-816-671-2918
Visit us on the web at:    WWW.YOURCARDACCOUNT.COM

Notice - See Reverse Side for Important Information

Our records indicate that your account is severely past due and that your balance exceeds the established credit limit. Your account is also scheduled to charge off soon. Once your account is charged off it will report on your credit file and it may be referred to an attorney or collection agency in your area for further action. Please contact us immediately at (866) 620-9867.

Payments that are returned unpaid may be subject to the maximum allowable fees by state law.

### Transactions

| Post Date | Tran Date | Ref. No. | Transaction Description | Amount |
|---|---|---|---|---|
| **Fees** | | | | |
| 08/18 | 08/15 | | LATE PAYMENT FEE | $35.00 |
| | | | **TOTAL FEES FOR THIS PERIOD** | $35.00 |
| **Interest Charged** | | | | |
| | | | INTEREST CHARGE-STANDARD PURCHASE | $72.73 |
| | | | INTEREST CHARGE-STANDARD CASH | $13.86 |
| | | | **TOTAL INTEREST THIS PERIOD** | $86.59 |

R1100-1100-1010

PLEASE CHECK THE APPLICABLE BOXES:

- [ ] My name has changed ──────────▶ Name (Last, First, Middle Initial)
- [ ] My mailing address has changed ──▶ Street Address
  City, State, Zip
- [ ] My phone number has changed ────▶ Home ( )
  Business ( )

Cardholder Signature

Payments received at the address on the payment coupon by 5:00 P.M. Eastern Monday through Friday (except legal holidays) will be credited to your account as of the date received. Your payment must be made by check or money order drawn on a U.S. Bank in U.S. dollars, and must be received with the payment coupon in the enclosed returned envelope. You must include your account number on the check or money order. If we accept a payment in any other manner, crediting may be delayed up to 5 days (2 days if you live in Indiana or Iowa). Delayed crediting may cause you to incur a Late Fee or additional Interest Charges. You agree not to send us partial payments marked with "paid in full," "without recourse" or similar language. Any check or other payment intended as "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be sent to P.O. Box 84024, Columbus, GA 31908. You may at any time pay more that the Minimum Payment Due (if applicable), or pay the New Balance in full without incurring any additional charge.

## BILLING RIGHTS SUMMARY
### WHAT TO DO IF YOU THINK YOU FIND A MISTAKE ON YOUR STATEMENT

If you think there is an error on your statement, write to us at:
SST, P.O. Box 84024, Columbus, GA 31908
In your letter, give us the following information:
- **Account information:** Your name and account number.
- **Dollar amount:** The dollar amount of the suspected error.
- **Description of Problem:** If you think there is an error on your bill, describe what you believe is wrong and why you believe it is a mistake.

You must contact us within 60 days after the error appeared on your statement. You must notify us of any potential errors *in writing*. You may call us, but if you do we are not required to investigate any potential errors and you may have to pay the amount in question.
While we investigate whether or not there has been an error, the following are true:
- We cannot try to collect the amount in question, or report you as delinquent on that amount.
- The charge in question may remain on your statement, and we may continue to charge you interest on that amount. But, if we determine that we made a mistake, you will not have to pay the amount in question or any interest or other fees related to that amount.
- While you do not have to pay the amount in question, you are responsible for the remainder of your balance.
- We can apply any unpaid amount against your credit limit.

### YOUR RIGHTS IF YOU ARE DISSATISFIED WITH YOUR CREDIT CARD PURCHASES

If you are dissatisfied with the goods or services that you have purchased with your credit card, and you have tried in good faith to correct the problem with the merchant, you may have the right not to pay the remaining amount due on the purchase.
To use this right, all of the following must be true:
1. The purchase must have been made in your home state or within 100 miles of your current mailing address, and the purchase price must have been more than $50. (Note: Neither of these are necessary if your purchase was based on an advertisement we mailed to you, or if we own the company that sold you the goods or services.)
2. You must have used your credit card for the purchase. Purchases made with cash advances from an ATM or with a check that accesses your credit card account do not qualify.
3. You must not yet have fully paid for the purchase.

If all of the criteria above are met and you are still dissatisfied with the purchase, contact us in writing at:
SST, P.O. Box 84024, Columbus, GA 31908.
While we investigate, the same rules apply to the disputed amount as discussed above. After we finish our investigation, we will tell you our decision. At that point, if we think you owe an amount and you do not pay we may report you as delinquent.

For additional questions or concerns, call the Customer Service number on the front of your statement, write to P.O. Box 3997, St. Joseph, MO 64503, or visit us at www.yourcardaccount.com. When writing to us, include your 16-digit account number.

### CREDIT REPORTING

We may report information about your account to the credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report. In order to dispute any information we are reporting about your account, you must write to use at: P.O. Box 3997, St. Joseph, MO 64503. Please include your name, address, account number, telephone number, Social Security number, and a brief description of the problem. If available, please include a copy of the credit report in question.

### AUTHORIZATION AGREEMENT FOR ELECTRONIC FUND TRANSFERS ("EFTs")

You may call to authorize us to pay this account by making an EFT from your checking account. Please have this billing statement with you when you call. You may revoke your authorization by call the Customer Service number, or writing to P.O. Box 3997, St. Joseph, MO 64503. When you pay by check, you authorize us either to use information from your check to make a one-time EFT from your checking account or to process this transaction as a check. When we use your check to make an EFT, funds may be withdrawn from your checking account the same day, and you will not receive your original check back. If a check-authorized EFT cannot be processed, we may present an image or a paper draft as a replacement for your original check.

### CALCULATING THE BALANCE SUBJECT TO INTEREST CHARGE
We calculate the interest charges for each Balance Category separately.

### VARIABLE RATES
Your daily periodic rates for each Balance Category and any penalty daily period rates that may apply to these Balance Categories will be either fixed or variable as set for in your Terms Sheet. The daily periodic rates that may vary are marked with a "v" on the front of this statement.

### WHEN INTEREST CHARGES BEGIN TO ACCRUE

Your account has various Balance types ("Balance Categories") as described in your Account Agreement. This statement shows all Balance Categories in which you had an outstanding balance as of the Statement Date. Interest charges begin to accrue on a debit when it is included in the daily balance of the applicable Balance Category and continue until that debit is paid. Any Balance Category designated as "Term A" has a grace period of at least 25 days for new transactions. New transactions in Balance Categories with a grace period do not begin to incur an interest charge until the start of the next billing cycle if your Previous Balance was (i) zero, (ii) a credit balance, (iii) paid in full by the Payment Due Date on your previous statement. To avoid paying interest charges on new transactions for Term A in the next billing cycle, you must pay the entire New Balance shown on this statement by the Payment Due Date; otherwise, you will be assessed interest charges on the unpaid portion of these transactions starting from the date the transactions were posted to your account. There is no grace period for any Balance Category designated as "Term C." Special offers you may receive from us will disclose whether the transactions made in connection with the offer have a grace period. For any Balance Category without a grace period, there is no time period in which you can repay the balance without incurring an interest charge.

### Term A Balance Categories
Average Daily Balance (including new transactions) Method. For each Term A Balance Category, we calculate each day's balance by starting with your previous day's balance (including any unpaid interest charge), adding all debits for the current day, and subtracting all credits for the current day. Then we multiply the daily balance by the daily periodic rate that applies to the Balance Category. The resulting amount is that day's interest charge, which becomes part of the balance used for the next day's balance calculation. (A credit balance on any day is treated as a zero balance for that day and will not earn interest.) We determine the total interest charge on balances for the billing cycle by adding together each day's interest charge in the billing cycle for each Balance Category. A transaction that you made in an earlier billing cycle that does not post to your account until the current billing cycle will be subject to the daily periodic rate in effect in the current billing cycle.

### Term C Balance Categories
Average Daily Balance (including new transactions) Method without a Grace Period. We calculate interest charges for each Term C Balance Category in the same manner that we calculate interest charges for each Term A Balance Category, however, there is no grace period for Term C Balance Categories.

The account balance may be periodically increased due to the addition of accrued interest or other charges as provided in the agreement with the original creditor or otherwise provided by state law.

### CREDIT BALANCES

Any credit balance on your account indicated by an "-" on the front of this statement is money we owe you. You can make charges against this amount or request and receive a full refund of the amount by writing to us at P.O. Box 3997, St. Joseph, MO 64503. Any amount remaining from an initial credit balance that was over $1 (equaled or exceeding $1 if you live in Massachusetts) and not charged against or refunded upon request will be refunded automatically within 30 days after the end of 6 months (4 months if you live in Maryland) from the date the credit balance was created.

### REPAYMENT CALCULATIONS

The repayment calculations listed as an example in the Minimum Payment Warning section on the front of this statement are calculated with certain assumptions. For example, the repayment calculation based on only making the minimum payment will be calculated with a minimum payment amount as if your account is current and will not include any past due amounts. These repayment calculations are estimates and may be subject to change.

# EXHIBIT B

PO BOX 15630  
DEPT 805  
WILMINGTON DE 19850

NCO FINANCIAL SYSTEMS, INC.

4740 Baxter Road  
Virginia Beach, VA 23462

1-866-810-8138  
OFFICE HOURS(ET):  
8AM-10PM Monday-Thursday  
8AM-5PM Friday-Saturday  
Aug 21, 2014

82010191936  
KERRY LEACH  
PO BOX 50172  
BELLEVUE WA 98015-0172

CREDITOR: Synovus  
ACCOUNT #: XXXXXXXXXXXX0833  
SERVICER: Systems & Services Technologies, Inc.  
REGARDING: VISA Account  
TOTAL BALANCE: $3855.30

Dear KERRY LEACH:

The amount listed above is the total balance due on your credit card as of 08/21/2014. We would like to offer you an opportunity to settle the above account by paying $2313.18 if paid within 20 days from the date of this letter. Following clearance of this payment, Systems & Services Technologies, Inc. shall notify the credit bureaus with a request to update the trade line associated with the above-referenced account to state the account was settled. Systems & Services Technologies, Inc. may be required to provide information about certain amounts that are discharged as a result of a cancellation of debt to the IRS. If notification is required, you will receive a copy of the form 1099C that is filed with the IRS. You may want to consult with your tax advisor if you have any questions regarding the tax consequences of accepting this offer.

Please call us at 1-866-810-8138 to accept this exciting offer or if you have any questions on your account.

Should you choose not to accept this offer, the account balance may be periodically increased due to the addition of accrued interest or other charges as provided in the agreement with the original creditor or as otherwise provided by state law.

Calls to or from this company may be monitored or recorded for quality assurance.

Should you choose not to accept this offer, the account balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by state law.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

NCOP A  
11

Federal and state law prohibit certain methods of debt collection, and require that we treat you fairly. If you have a complaint about the way we are collecting your debt, please visit our website at www.ncogroup.com or contact the FTC online at www.ftc.gov; by phone at 1-877-FTC-HELP; or by mail at 600 Pennsylvania Ave., NW, Washington, DC 20580. If you want information about your rights when you are contacted by a debt collector, please contact the FTC online at www.ftc.gov.