THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KERRY LEACH,<br><br>             Plaintiff,<br><br>     vs.<br><br>NCO FINANCIAL SYSTEMS INC.,<br><br>             Defendant. | NO. 2:15-cv-00890-JLR<br><br>FIRST AMENDED COMPLAINT FOR VIOLATIONS OF 15 U.S.C. § 1692 ET SEQ. AND RCW CHAPTERS 19.16 AND 19.86 ET SEQ. |

COMES NOW Plaintiff Kerry Leach, by and through counsel, who alleges:

## I.  PARTIES AND JURISDICTION

1. Plaintiff Kerry Leach is an individual who resides in King County, Washington State.

2. Defendant NCO Financial Systems, Inc. ("NCO"), a Washington Corporation, is a debt collector and collection agency doing business in Washington, and who repeatedly attempted to collect an alleged debt from Plaintiff. NCO's registered agent is CT Corporation System, 505 Union Ave. SE Suite 120, Olympia, WA 98501.

3. Jurisdiction over Defendant is proper as Defendant is doing business in Washington State and all relevant actions occurred in King County, Washington.

First Amended Complaint - 1
2:15-cv-00890-JLR

ANDERSON LAW OF
KING COUNTY, PLLC
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

## II.     FACTS

4. Plaintiff allegedly entered into a credit card agreement with a creditor named Synovus.

5. The credit card and all transactions surrounding the card were allegedly managed by a company called Systems and Services Technologies, Inc. ("SST").

6. On or about August 18, 2014, SST created a billing statement and mailed it to Plaintiff. *See* Letter from SST attached as Exhibit A.

7. The letter asked for a minimum payment of $750, and indicated a balance of $3855.30. *Id.*

8. Per the billing statement, the payment due date was September 15, 2014. *Id.*

9. On or about August 21, 2014, NCO sent a collection letter to Plaintiff (hereafter "Collection Letter"). *See* Collection Letter attached as Exhibit B.

10. On information and belief, the Collection Letter was the first communication from NCO.

11. The Collection letter asked Plaintiff to make a payment of $2313.18 within 20 days of the date of the letter in order to settle the account.

12. The Collection Letter from NCO did not contain numerous pieces of information as required by both Federal and State law.

## III.     CAUSES OF ACTION

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

13. With respect to the alleged debt, Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3) and Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

First Amended Complaint - 2
2:15-cv-00890-JLR

ANDERSON LAW OF
KING COUNTY, PLLC
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

14. With respect to the alleged debt, Plaintiff is a "debtor" as defined by RCW 19.16.100(11) and Defendant is a collection agency as defined by RCW 19.16.100(2).

**Count I**

15. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing…a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.  15 U.S.C. § 1692g(a)(3).

16. In the Collection Letter, Defendant failed to provide the required statement.

17. Plaintiff did not receive any written notice with the required statement within five days of the initial communication, the Collection Letter.

18. Therefore, Defendant violated 1692g(a)(3).

**Count II**

19. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing…a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.  15 U.S.C. § 1692g(a)(4).

20. In the Collection Letter, Defendant failed to provide the required statement.

First Amended Complaint - 3
2:15-cv-00890-JLR

ANDERSON LAW OF
KING COUNTY, PLLC
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/ F (206) 395-2719

1  21. Plaintiff did not receive any written notice with the required statement within five days of the initial communication, the Collection Letter.

22. Therefore, Defendant violated 1692g(a)(4).

### Count III

23. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing…a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.  15 U.S.C. § 1692g(a)(5).

24. In the Collection Letter, Defendant failed to provide the required statement.

25. Plaintiff did not receive any written notice with the required statement within five days of the initial communication, the Collection Letter.

26. Therefore, Defendant violated 1692g(a)(5).

### Counts IV through V

27. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

28. Plaintiff received two letters from two different entities attempting to collect on the alleged debt.

29. On information and belief, those letters were sent nearly simultaneously – the letters are dated within three days of each other.

30. Because two entities were simultaneously attempting to collect on a debt, Defendant used misleading and deceptive means to collect on a debt.

First Amended Complaint - 4
2:15-cv-00890-JLR

ANDERSON LAW OF
KING COUNTY, PLLC
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

31. In the two letters, the entities demanded different amounts:

   a. The letter from SST asked for a minimum payment of $750.  Presumably that would keep the credit account current and the creditor-debtor relationship would continue between Plaintiff and Synovus.

   b. The Letter from NCO asked Plaintiff to "settle" the debt for $2313.18.  Presumably, this would close the account and terminate Plaintiff's relationship with Synovus.

32. Two entities taking separate and distinct positions on the same debt at the same time was misleading and deceptive.

33. Therefore, Defendant violated 15 U.S.C. § 1692e and/or its subsections on at least two (2) occasions.

**Counts VI through VII**

34. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  15 U.S.C. § 1692f.  The collection of any amount not expressly authorized by the agreement creating the debt is a violation of 15 U.S.C. § 1692f(1).

35. Plaintiff realleges paragraphs 28 through 31, *supra.*

36. Defendant was attempting to collect on an alleged debt simultaneously with another entity.  Additionally, such collection efforts provided conflicting information.  Defendant's actions were unfair and/or unconscionable.

37. Therefore, Defendant violated 15 U.S.C. § 1692f on at least two (2) occasions.

**Count VIII**

38. No licensee or employee of a licensee shall give or send to any debtor or cause to be given or sent to any debtor, any notice, letter, message, or form, other than through proper

First Amended Complaint - 5
2:15-cv-00890-JLR

**ANDERSON LAW OF KING COUNTY, PLLC**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

1 legal action, process, or proceedings, which represents or implies that a claim exists unless it

2 shall indicate in clear and legible type, if the notice, letter, message, or form is the first notice to

3 the debtor, an itemization of the claim asserted must be made including the date of the last

4 payment to the creditor on the subject debt by the debtor.  RCW 19.16.250(8)(e)(ii).

5    39. On information and belief, the Collection Letter sent by Defendant NCO was the

6 first notice to Plaintiff, the alleged debtor.

7    40. The Collection Letter does not state the date of last payment.

8    41. Defendant therefore violated RCW 19.16.250(8)(e)(ii).

**Count IX through XI**

10    42. No licensee or employee of a licensee shall give or send to any debtor or cause to

11 be given or sent to any debtor, any notice, letter, message, or form, other than through proper

12 legal action, process, or proceedings, which represents or implies that a claim exists unless it

13 shall indicate in clear and legible type, if the notice, letter, message, or form is the first notice to

14 the debtor, an itemization of the claim asserted must be made including interest or service

15 charge, collection costs, or late payment charges, if any, added to the original obligation by the

16 original creditor, customer or assignor before it was received by the licensee for collection, if

17 such information is known by the licensee or employee.  RCW 19.16.250(8)(c)(ii).

18    43. The Collection Letter from NCO did not contain the amount of interest, service

19 charges, or late payment charges added to the original obligation by the original creditor before it

20 was received by NCO for collection.

21    44. Defendant therefore violated 19.16.250(8)(c)(ii) on at least three (3) occasions.

First Amended Complaint - 6
2:15-cv-00890-JLR

ANDERSON LAW OF
KING COUNTY, PLLC
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

**Counts XII through XV**

45. Violations of RCW 19.16.250 are per se violations of the Consumer Protection Act, RCW chapter 19.86. *See* RCW 19.16.440. RCW 19.86.090 provides for treble damages (to a limit of $25,000) and attorney's fees.

46. Plaintiff therefore realleges Counts VIII through XI as separate Consumer Protection Act Violations.

**Count XVI – Injunctive Relief**

47. A plaintiff may seek injunctive relief for violations of the Consumer Protection Act. RCW 19.86.090.

48. Plaintiff does seek injunctive relief from this Court which would enjoin Defendant from collecting debts in the manner described above from both Plaintiff and any other person similarly situated. *Scott v. Cingular Wireless*, 160 Wn. 2d 843, 853 (2007).

49. Specifically, Plaintiff seeks an injunction prohibiting Defendant from its unlawful collection tactics, including but not limited to demanding collection fees/costs that are specifically disallowed by statute, misrepresenting the status of the debt, misrepresenting the true creditor of the debt, and inflating the debt (if any) to amounts beyond which are payable by the consumer.

50. Plaintiff has reason to believe these actions make up a pattern and practice of behavior and have impacted other individuals similarly situated.

51. Injunctive relief is necessary to prevent further injury to Plaintiff and to the Washington public as a whole.

52. Injunctive relief should therefore issue as described herein.

//

First Amended Complaint - 7
2:15-cv-00890-JLR

**ANDERSON LAW OF KING COUNTY, PLLC**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

## IV. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

1. For Judgment against Defendant for actual damages.

2. For statutory damages of $1,000.00, for FDCPA violations.

3. For statutory damages of $2,000.00 per violation, for Washington Collection Agency Act and Consumer Protection Act violations.

4. For treble damages, pursuant to RCW 19.86.090, calculated from the damages determined by the court.

5. For costs and reasonable attorney's fees as determined by the Court pursuant to 15 U.S.C. 1692k(a)(3).

6. For injunctive relief pursuant to RCW 19.86.090 as described above.

Respectfully submitted this 9th day of June, 2015.

**ANDERSON LAW OF KING COUNTY, PLLC**

By: /s/ Jason D. Anderson
Jason D. Anderson, WSBA No. 38014
Attorney for Kerry Leach
787 Maynard Ave. S.
Seattle, WA 98104
(206) 395-2665
(206) 395-2719 (fax)
jason@alkc.net

**HENRY, DEGRAAFF & MCCORMICK, PS**

By: /s/ Christina L Henry
Christina L Henry, WSBA No. 31273
Attorney for Kerry Leach
1833 N 105th St, Ste 203
Seattle, WA 98133
(206) 330-0595
(206) 400-7609 (fax)
chenry@hdm-legal.com

First Amended Complaint - 8
2:15-cv-00890-JLR

ANDERSON LAW OF
KING COUNTY, PLLC
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

<u>Certificate of Service</u>

I hereby certify that on June 9, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Damian P. Richard
drichard@sessions-law.biz
Sessions, Fishman, Nathan & Israel LLP
1545 Hotel Circle South, Suite 150
San Diego, CA 92108-3426
(619) 758-1891
FAX: (619) 296-2013
*Attorney for Defendant*

Christina L Henry, WSBA No. 31273
Attorney for Kerry Leach
1833 N 105th St, Ste 203
Seattle, WA 98133
(206) 330-0595
(206) 400-7609 (fax)
chenry@hdm-legal.com
*Co-counsel for Plaintiff Kerry Leach*

                                          /s/ Jason D. Anderson
                                             Jason D. Anderson

First Amended Complaint - 9
2:15-cv-00890-JLR

**ANDERSON LAW OF KING COUNTY, PLLC**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719