UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KERRY LEACH,<br><br>Plaintiff,<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br><br>Defendant. | CASE NO. C15-0890JLR<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT |

## I.   INTRODUCTION

Before the court is Defendant NCO Financial Systems, Inc.'s ("NCO") motion to dismiss Plaintiff Kerry Leach's first amended complaint under Federal Rule of Civil Procedure 12(b)(6) or for summary judgment under Rule 56.  (Mot. (Dkt. # 7).)  The court has considered the motion, the submissions of the parties, the balance of the record,

ORDER- 1

and the governing law.  Being fully advised,[1] the court GRANTS in part and DENIES in part NCO's motion.

## II.     BACKGROUND

Ms. Leach has brought suit against NCO alleging various causes of action related to NCO's alleged debt collection practices.  (*See generally* 1st Am. Compl. (Dkt. # 6).)  Ms. Leach alleges that NCO has "repeatedly attempted to collect an alleged debt" from him.  (*Id.* ¶ 2.)  Ms. Leach asserts that an alleged credit card agreement she entered into with a creditor known as Synovus was managed by another company called Systems and Services Technologies, Inc. ("SST").  (*Id.* ¶¶ 4-5.)  Ms. Leach alleges that SST created a billing statement and mailed the statement to him on August 18, 2014.  (*Id.* ¶ 6, Ex. A.)  She further alleges that the statement indicated a balance on the account of $3,855.30 and asked for a minimum payment of $750.00 by September 15, 2014.  (*Id.* ¶¶ 7-8, Ex. A.)

Ms. Leach also avers that on August 21, 2014, NCO sent a collection letter to him regarding the same debt.  (*See id.* ¶ 9, Ex. B.)  Ms. Leach alleges that this is the first communication she received from NCO.  (*Id.* ¶ 10.)  Ms. Leach asserts that the August 21, 2014, letter asked him to make a payment of $2,313.18 within 20 days to settle the account.  (*Id.* ¶ 11.)  Finally, she alleges that letter failed to include "numerous pieces of information as required by both Federal and State law."  (*Id.* ¶ 12.)

On the basis of these factual allegations, Ms. Leach asserts that NCO violated multiple provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

---

[1] No party asked for oral argument, and the court deems it unnecessary for disposition of NCO's motion.

§§ 1692g(a)(3), 1692g(a)(4), 1692(a)(5), 1692e, and 1692f. (1st Am. Compl. ¶¶ 15-37.) Ms. Leach also alleges that NCO violated various provisions of the Washington Collection Agencies Act ("WCAA"), RCW 19.16.250, and that such violations are a per se violation of the Consumer Protection Act ("CPA"), RCW ch. 19.86. (1st Am. Compl. ¶¶ 38-46.) Finally, Ms. Leach also seeks injunctive relief under the CPA. (*Id.* ¶¶ 47-52.)

In response, NCO filed the present motion to dismiss based on Rule 12(b)(6) or, in the alternative, motion for summary judgment under Rule 56. (*See generally* Mot.) In support of its motion, NCO submits a declaration from Andrew Balthaser, the Vice President of Compliance for NCO. (Balthaser Decl. (Dkt. # 7-1).) Mr. Balthaser testifies that he has "a thorough understanding of the modes of communication and methods used by NCO to contact consumers, including written correspondence." (*Id.* ¶ 2.) Mr. Balthaser attaches two letters to his declaration which he testifies were sent by NCO to Ms. Leach on January 24, 2014,[2] and July 11, 2014, respectively. (*Id.* ¶¶ 4-5, Exs. 1, 2.) He also acknowledges that the August 21, 2014, letter from NCO to Ms. Leach, which is attached as exhibit B to the amended complaint, is a true and correct copy of NCO's August 21, 2014, letter to Ms. Leach. (*Id.* ¶ 6.) NCO argues that, when viewed in

---

[2] NCO also argues that, to the extent its January 24, 2014, letter contained any technical defect, any claim based on that letter is barred by the FDCPA's one-year statute of limitations, 15 U.S.C. § 1692k(d). (*See* Mot. 3.) NCO makes this argument in a single sentence in its motion, and the argument is completely undeveloped both factually and legally. (*See id.*) In any event, as discussed in the body of this order, NCO's January 24, 2014, letter is not specifically referenced in Ms. Leach's complaint and is not otherwise properly before this court. Accordingly, the court declines to rule on any statute of limitations issues at this time.

ORDER- 3

combination, its letters to Ms. Leach were not misleading and did not violate the FDCPA, the WCAA, or the CPA.  (*See generally* Mot.)

### III.   ANALYSIS

**A. Standards for Review under Rules 12(b)(6) and 56**

NCO has brought its motion for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Rule 56.[3]  Under Rule 12(b)(6), dismissal is appropriate if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face.  Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring plaintiff to plead factual content that provides "more than a sheer possibility that a defendant has acted unlawfully").  Under this standard, dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted.  *Twombly*, 550 U.S. at 556.

---

[3] Ms. Leach asserts that it is improper for NCO to move for dismissal under Federal Rule of Civil Procedure 12(b)(6) and simultaneously, in the alternative, for summary judgment under Rule 56.  (Surreply (Dkt. # 12) at 1-2.)  The court knows of no rule that prohibits NCO from framing its motion in this manner.  *See, e.g.*, *Everest & Jennings, Inc. v. Am. Motorist Ins. Co.*, 23 F.3d 226, 230 n.5 (9th Cir. 1994) ("The motion to dismiss under Fed. R. Civ. P. 12(b)(6) alternatively sought summary judgment under Fed. R. Civ. P. 56(b). The record contains matters outside the pleadings.  Accordingly, the trial court's action amounted to a grant of summary judgment of dismissal.").  Further, NCO's motion is clearly captioned as one to dismiss or, in the alternative, for summary judgment.  Indeed, NCO attached a declaration to its motion, which ordinarily would be improper to consider under Rule 12(b)(6).  *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).  As such, Ms. Leach had notice and a reasonable opportunity to respond based on the standards set forth in Rule 56 and to present relevant material.  The court may therefore appropriately rule on NCO's motion under either a Rule 12(b)(6) or a Rule 56 standard.

As a general rule, a court may not consider "any material beyond the pleadings" when ruling on a Rule 12(b)(6) motion. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (citation and quotation marks omitted). However, the court may consider extrinsic evidence without converting the motion into a motion for summary judgment in certain limited circumstances. *Id.* (citation omitted). For example, the court may examine "material which is properly submitted as a part of the complaint." *Id.* (citation and quotation marks omitted). If a document's authenticity is not contested and the complaint "necessarily relies" on it, the court may take that document into account even if it is not physically attached to the complaint. *Id.* (citation and quotation marks omitted).

A motion for summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where either party submits materials outside the pleadings in support of, or opposition to, a Rule 12(b)(6) motion to dismiss, the motion must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 if the court relies on those materials. *See Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996); *cf*. Fed. R. Civ. P. 12(d). The court, however, has discretion to consider or reject such materials, and a motion to dismiss will not be converted into one for summary judgment if the court does not rely on the extrinsic materials. *See Swedberg v. Marotzke*, 339 F.3d 1139, 1142-46 (9th Cir. 2003).

**B. Materials the Court Considers in Determining this Motion**

The only NCO letter that Ms. Leach expressly references in her first amended complaint is NCO's August 21, 2014, letter. (1st Am. Compl. ¶¶ 9-12.) Nevertheless,

NCO submits two additional letters to the court that NCO asserts it sent to Ms. Leach on January 24, 2014, and July 11, 2014, respectively. (Balthaser Decl. Exs. 1, 2.) NCO argues that the court may rely on these letters in deciding NCO's Rule 12(b)(6) motion to dismiss because Ms. Leach "references and relies on 'repeated' collection attempts on the part of [NCO]," and these repeated collection attempts are "expressly referenced and relied upon in the [first amended complaint]." (Mot. at 6 (citing 1st Am. Compl. ¶ 2).)

The court disagrees. The first amended complaint simply states that NCO "repeatedly attempted to collect an alleged debt from Plaintiff." (1st Am. Compl. ¶ 2.) Ms. Leach makes no specific reference to the January 24 or July 11 letters. (*See generally* 1st Am. Compl.) There are numerous ways that a collection agency may attempt to collect a debt beyond the mailing of letters to the alleged debtor. The Ninth Circuit has held that a district court may consider documents beyond the complaint in deciding a Rule 12(b)(6) motion when the complaint "necessarily relies" upon the document. *Lee*, 250 F.3d at 688. The brief reference in Ms. Leach's first amended complaint to "repeated[] attempt[s] to collect an alleged debt" does not meet this standard. The first amended complaint does not "necessarily rely" upon NCO's January 24, 2014, and July 11, 2014, letters; indeed, it does not mention them at all. (*See generally* 1st Am. Compl.) Thus, the court concludes that it cannot consider these letters in ruling on NCO's Rule 12(b)(6) motion to dismiss.

The court next considers whether it may rely NCO's January 24, 2014, and July 11, 2014, letters in ruling on NCO's alternative Rule 56 motion for summary judgment. The court "can only consider admissible evidence in ruling on a motion for summary

judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (citing *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)); *see also* Fed. R. Civ. P 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."). NCO has submitted a declaration that purports to authenticate its January 24, 2014, and July 11, 2014, letters. (*See generally* Balthaser Decl.) Ms. Leach, however, argues that the letters are hearsay and that NCO has failed to meet the necessary requirements of the business records exception to the hearsay rule to allow for the letters' admissibility. (Resp. (Dkt. # 9) at 17-20.)

The letters are classic hearsay in that NCO offers them to prove the truth of their contents. *See* Fed. R. Evid. 801(c). Although NCO devotes little of its reply memorandum to this issue, it apparently relies upon the business records exception to the hearsay rule found in Federal Rule of Evidence 803(6) to justify admission of the letters into evidence. (*See* Reply (Dkt. # 10) at 4, 11 (citing Fed. R. Evid. 803(6)).) As the proponent of the letters' admissibility, NCO bears the burden of establishing that the letters fall within the business records exception. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *United States v. Catabran*, 836 F.2d 453, 457 (9th Cir. 1988) ("The proponent of the business records must satisfy the foundational requirements of the business records exception."). Although it appears that the letters could fall within that exception, the court concludes that NCO has failed to meet its burden of establishing the exception's applicability here.

ORDER- 7

Under the business records exception to the hearsay rule, the proponent of the evidence must provide testimony from the custodian of the document or another "qualified witness" that satisfies three requirements: (1) "the record was made at or near the time by—or from information transmitted by—someone with knowledge"; (2) "the record was kept in the course of a regularly conducted activity of a business . . ."; and (3) making the record was a regular practice of that activity." Fed. R. Evid. 803(6)(A)-(D). In addition, the records are only admissible if the party opposing admission "does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6)(E).

Mr. Balthaser testifies that he has "a thorough understanding of NCO's compliance with applicable federal and state laws." (Balthaser Decl. ¶ 2.) He also testifies that he has a "thorough understanding of the modes of communication and methods used by NCO to contact customers, including written correspondence." (*Id.*) He does not, however, testify as to the specific foundational elements listed under Rule 803(6) for admitting an otherwise hearsay business record. (*See generally* Balthaser Decl.) Although Mr. Balthaser testifies that he understands how NCO contacts customers, he does not testify that he is the custodian of the letters at issue or has any knowledge of NCO's record-keeping procedures such that he could be considered an otherwise "qualified witness" under the business records exception to the hearsay rule. *See* Fed. R. Evid. 803(6)(D). "The phrase 'other qualified witness' is broadly interpreted to require only that the witness understand the record-keeping system." *United States v. Ray*, 930 F.2d 1368, 1370 (9th Cir. 1990), *as amended on denial of reh'g* (Apr. 23, 1991).

Mr. Balthaser's testimony does not meet even this low bar.  Indeed, his testimony fails to reference NCO's record-keeping system at all.  (*See generally* Balthaser Decl.)

Further, Mr. Balthaser does not testify as to his basis for knowing that NCO mailed the letters at issue to Ms. Leach.  (*See id.*)  Although Mr. Balthaser may be generally familiar with NCO's methods of communication with its customers, this testimony does not establish that he has any knowledge of NCO's business practices for ensuring that NCO's collection letters are properly addressed and timely posted in the mail.  Because NCO fails to establish the required foundational facts for application of Rule 803(6), the letters attached to Mr. Balthaser's declaration are not admissible under the business records exception to the hearsay rule.[4]  Thus, the court finds no basis for considering these letters irrespective of whether the court decides NCO's motion under Rule 12(b)(6) or Rule 56.

**C.  FDCPA Claims**

NCO's entire argument for dismissal of or summary judgment on Ms. Leach's FDPCA claims is premised on its January 24, 2014, and July 11, 2014, letters to Ms. Leach.  NCO asserts that "[a] review of the one-page letters . . . establishes, incontrovertibly, that [NCO] complied with the notice provisions of 15 U.S.C. § 1692g, rendering Counts I through III of the [first amended complaint] without merit."  (Mot. at 6-7 (citing Balthaser Decl. Exs. 1, 2).)  NCO also argues that "[a] review of all three

---

[4] Despite the court's ruling today, NCO may be able to establish the necessary foundational requirements for admission of these letters under Rule 803(6).  Accordingly, the court's ruling today is without prejudice to NCO resubmitting the letters to the court, if appropriate, with the proper foundation laid for admissibility.

ORDER- 9

letters from [NCO]," including the August 21, 2014, letter expressly referenced in Ms. Leach's first amended complaint (1st Am. Compl. ¶¶ 9-12), "shows that Counts IV through VII, alleging violations of 15 U.S.C. § 1692e [and §] 1692f, are meritless." (Mot. at 7.) NCO concludes: "Even a cursory review of all the letters . . . discloses that [NCO's] collection letters complied with the FDCPA." (*Id.*)

As discussed above, the court cannot consider NCO's January 24, 2014, and July 11, 2014, letters regardless of whether the court considers NCO's motion under Rule 12(b)(6) or Rule 56. *See supra* § III.B. Although Ms. Leach asserts that NCO's January 24, 2014, and July 11, 2014, letters are irrelevant to her FDCPA claims based on 15 U.S.C. §§ 1692e and 1692f [5](*see* Resp. at 7-9), she suggests that if NCO's January 24, 2014, and July 11, 2014, letters were properly admitted and "discovery reveals . . . the letters were in fact sent and not returned," then she "would have a responsibility to dismiss or abandon" her FDCPA claims based on 15 U.S.C. § 1692g[6] (Resp. at 6, n.5). Nevertheless, because the court cannot consider the letters, it can make no such ruling. Accordingly, the court denies NCO's motion to dismiss or, in the alternative, for summary judgment on Ms. Leach's FDCPA claims. The court's ruling, however, is without prejudice to re-filing, if NCO can properly authenticate the letters and meet its burden of demonstrating that the letters fall within an exception to the hearsay rule, and re-filing the motion would be otherwise appropriate.

---

[5] (*See* 1st Am. Compl. ¶¶ 27-37 (Counts IV through VII).)

[6] (*See id.* ¶¶ 15-26 (Counts I through III).)

ORDER- 10

### D. WCAA & CPA Claims

Ms. Leach has asserted four counts in her first amended complaint under the WCAA (1st Am. Compl. ¶¶ 34-44 (Counts VIII-XI)), and four counts under the CPA based on NCO's alleged violations of the WCAA (*id.* ¶¶ 45-46 (Counts XII-XV)). NCO moves to dismiss the WCAA claims because the WCAA is not privately enforceable, but rather must be enforced by a private litigant through the CPA.

The court agrees with NCO that the WCAA does not provide a private right of action on its own. *Paris v. Steinberg & Steinberg*, 828 F. Supp. 2d 1212, 1218 (W.D.Wash. 2011); *Connelly v. Puget Sound Collections, Inc.*, 553 P.2d 1354, 1356, n.1 (Wash. Ct. App. 1976) ("Under the [WCAA], it appears that only the attorney general or the local prosecuting attorney 'may bring an action' to restrain a violation of that act.") (citing RCW 19.16.460). Rather, violations of the WCAA "are declared to be unfair acts or practices or unfair methods of competition in the conduct of trade or commerce for the purposes of the application" of the CPA. RCW 19.16.440; *see also Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 895 (Wash. 2009) ("The deceptive use of traditional debt collection methods to induce someone to remand payment of an alleged debt is precisely the kind of 'inventive' unfair and deceptive activity the CPA was intended to reach."). Thus, the remedy for a WCAA violation is through the CPA. *Genschorck v. Suttell & Hammer, P.S.*, No. 12-CV-0615-TOR, 2013 WL 6118678, at *3 (E.D. Wash. Nov. 21, 2013). Indeed, Ms. Leach acknowledges this principle in her response to NCO's motion. (Resp. at 9 ("Plaintiff wholeheartedly agrees that the WCAA does not contain a private right of action, but is instead enforced through the CPA.").)

1  Accordingly, to the extent the first amended complaint purports to assert independent
2  causes of action based on NCO's alleged violations of the WCAA (*see* 1st Am. Compl.
3  ¶¶ 38-44), the court grants NCO's motion to dismiss these claims without leave to
4  amend.
5  However, Ms. Leach also asserts claims under the CPA based on NCO's alleged
6  violations of the WCAA. (1st Am. Compl. ¶¶ 45-46.) NCO does not dispute that
7  violations of the WCAA can be alleged as CPA claims. (Mot. at 7.) Rather, NCO asserts
8  that Ms. Leach's CPA claims fail because (1) NCO did not violate the WCAA (Reply
9  (Dkt. # 10) at 9), (2) Ms. Leach did not adequately plead a violation of the WCAA (Mot.
10 at 7-9), and (3) Ms. Leach has not suffered any injury that is cognizable under the CPA
11 (*id.* at 9-10).
12 NCO's argument that it is entitled to summary judgment because it did not violate
13 the WCAA is based on the exhibits attached to Mr. Balthaser's declaration. (*See* Reply at
14 9 ("Plaintiff fails to produce *any evidence* to contradict the Balthaser Declaration. The
15 CPA claims fail as a matter of law.").) As the court explained above, it cannot reply
16 upon these exhibits because NCO failed to meet its burden to show that the exhibits fall
17 within the business records exception to the hearsay rule. *See supra* § III.B. The court,
18 therefore, may not consider these exhibits in evaluating NCO's argument that it did not
19 violate the WCAA as a matter of law. Accordingly, the court denies NCO's motion for
20 summary judgment on Ms. Leach's CPA claims. The court's ruling, however, is without
21 prejudice to re-filing, if NCO can properly authenticate the letters and meet its burden of
22

ORDER- 12

1  demonstrating that the letters fall within an exception to the hearsay rule, and re-filing the
2  motion would be otherwise appropriate.
3        NCO also moves to dismiss Ms. Leach's CPA claims for inadequate pleading
4  under Rule 12(b)(6). Ms. Leach bases her CPA claims on two separate provisions of the
5  WCAA. First, she asserts a claim based on RCW 19.16.250(8)(e)(ii). (*See* 1st Am.
6  Compl. ¶¶ 38-41, 45-46.) This provision of the WCAA requires, in relevant part, that if
7  "the . . . letter . . . is the first notice to the debtor," then a licensee under the WCAA must
8  provide the debtor with "an itemization of the claim asserted," including "[t]he date of
9  the last payment to the creditor on the subject debt by the debtor, if known to the licensee
10 . . . ." RCW 19.16.250(8)(e)(ii). Moreover, "upon written request of the debtor, the
11 licensee must make a reasonable effort to obtain this information or cease efforts to
12 collect on the debt until this information is provided." *Id.* Second, she asserts a claim
13 based on RCW 19.16.250(8)(c)(ii). (*See* 1st Am. Compl. ¶¶ 42-46.) This provision
14 similarly requires, in pertinent part, that "[i]f the . . . letter . . . is the first notice to the
15 debtor," then a licensee under the WCAA must provide the debtor with "an itemization of
16 the claim asserted," including the "[i]nterest or service charge, collection costs, or late
17 payment charges, if any, added to the original obligation by the original creditor . . .
18 before it was received by the licensee for collection, if such information is known by the
19 licensee . . . ." RCW 19.16.250(8)(c)(ii). Moreover, also like the first WCAA provision,
20 "upon written request of the debtor, the licensee shall make a reasonable effort to obtain
21 information on such items and provide this information to the debtor." *Id.*
22

In her complaint, Ms. Leach alleges, based on information and belief, that NCO's August 21, 2014, letter was the first communication that Ms. Leach received from NCO and that NCO failed to include the information required under RCW 19.16.250(8)(e)(ii) and RCW 19.16.250(8)(c)(ii). (1st Am. Compl. ¶¶ 10, 12, 39, 40 (alleging a missing date of last payment), 43 (alleging a missing amount of interest, service charges, and late payment charges). However, NCO is correct that Ms. Leach fails to allege either that NCO knew the allegedly missing information in its August 21, 2014, letter, or that Ms. Leach had requested the information in writing and NCO failed to make a reasonable effort obtain it and provide it to Ms. Leach. (*See* Mot. at 8-9.) Under a plain reading of the statute, these items are required elements of Ms. Leach's CPA claim arising out of NCO's alleged violations of the WCAA. Accordingly, the court grants NCO's motion to dismiss these claims, but also grants Ms. Leach leave to amend her complaint to address these pleading deficiencies, if possible, within twenty days of the date of this order.

Finally, NCO argues that that the court should dismiss Ms. Leach's CPA claim because Ms. Leach has failed to allege injury to her business or property. (Mot. at 10-11.) The elements of a private CPA claim include: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; and (5) causation. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986). Thus, NCO is correct that Ms. Leach must plead an injury to her business or property. Here, Ms. Leach fails to allege any injury from NCO's alleged failure to comply with the WCAA. (*See generally* 1st Am. Compl.) "The CPA does not authorize a remedy for a person who fails

ORDER- 14

to plead actual damages." *Paris*, 828 F. Supp. 2d at 1218 (dismissing CPA claim based on alleged violation of WCAA where the plaintiff failed to plead actual damages) (citing *Girard v. Myers*, 694 P.2d 678, 685-86 (Wash. Ct. App. 1985)).  Accordingly, the court grants this portion of NCO's motion and dismisses Ms. Leach's CPA claim based on an alleged violation of the WCAA with leave to amend to this pleading deficiency, if possible, within 20 days of the date of this order.

## IV.   CONCLUSION

Based on the foregoing, the court GRANTS in part and DENIES in part NCO's motion to dismiss Ms. Leach's first amended complaint, or in the alternative, for summary judgment (Dkt. # 7).  As discussed herein, the court grants Ms. Leach leave to amend certain portions of her complaint within 20 days of the date of this order.  If Ms. Leach fails to timely file an amended complaint that addresses the pleading deficiencies identified herein, the court will dismiss those deficient claims with prejudice.

Dated this 25th day of September, 2015.

JAMES L. ROBART
United States District Judge